[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR MODIFICATION OF ALIMONY (#211)MOTION FOR CONTEMPT (#216) MOTION FOR COUNSEL FEES (#217)
The parties' marriage was dissolved by judgment entered June 25, 1990 (Coppeto, J.). The defendant was then ordered to pay to the plaintiff $4,500.00 monthly as unallocated alimony and child support until the marital home was sold and closed and $3,500.00 monthly thereafter as periodic alimony. A separate child support order of $650.00 monthly also became effective. The child attained majority on May 3, 1994 and has graduated from high school.[1]
The affidavit filed by the defendant on June 7, 1990 listed a gross monthly, excluding meal reimbursement, of $9,367.00, and net disposable income after mandatory deductions of $6,583.00 monthly or $79,000.00 annually. In a clarification, the trial court stated the alimony award was based on the defendant's earning capacity of $113,000.00 to $115,000.00 per year.
When the dissolution was entered, the defendant was an airline pilot and had been with Pan American Airways since 1965. At the present time, he is an airline pilot employed by Delta Airlines. His current affidavit lists gross monthly earnings of 14,198.39 and after mandatory deductions a net monthly disposable income of $10,388.73. The defendant has experienced an increase in net disposable income exceeding 50% . The court finds this to be a substantial change in circumstances.
The plaintiff had little income at the time judgment was entered, earning $150.00 weekly delivering the New York Times.
The defendant testified that his gross pay in 1995 was in fact at the rate of $170,000.00 annually. In addition, his present wife, a flight attendant, earns $30,000.00 annually. The defendant's W-2 for 1994 listed $170,696.75 for Medicare wages. Finally, the defendant has retirement annuities in pay status from which he is receiving $1,556.58 monthly. His financial affidavit does not indicate whether this figure is pre-tax or net after tax. Since the defendant was awarded these annuities as part of the asset division, this court will not consider this income in making its decision on this modification sought by the plaintiff, Krafickv. Krafick, 234 Conn. 783.
The plaintiff is presently operating a delicatessen known as Delizioso owned by her corporation Zaya Inc. on premises leased to September, 1995. Her financial affidavit states the business loses money. She has little other income. The plaintiff purchased the deli in 1992 for $160,000.00. She still owed $15,000.00 at the time of this hearing. Further, the plaintiff has no medical CT Page 9195 insurance, having had COBRA coverage through the defendant's employment at defendant's expense for three years.
The defendant has been paying college expenses for their child from his income stream. The tuition has been prepaid and there remains $40,000.00 in the son's custodian account.
The plaintiff's modification motion (#211) is granted. The defendant is ordered to pay $4,200.00 monthly periodic alimony effective September 1, 1995. The motion was not served pursuant to Connecticut General Statute § 52-50.
The plaintiff's motion for contempt (#216) is granted. The court finds no reason to justify withholding any part of the present order. The defendant is ordered to pay over the entire arrears by August 31, 1995.
The plaintiff's motion for counsel fees (#217) is granted. The plaintiff has incurred over $9,000.00 in litigation expenses for both preparing a defense to the defendant's motions for modification (#207 and #208) which he abandoned and for the prosecution of her motions. The court awards $7,500.00 to the plaintiff to defray attorney's fees, Connecticut General Statute § 46b-87. Payment shall be made in full on October 31, 1995.
HARRIGAN, J.